IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALYN HEMPHILL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA HOUSING AUTHORITY | : | NO. 16-4551 |

## MEMORANDUM OPINION

Savage, J.                                                                                                 November 30, 2016

      Defendant Philadelphia Housing Authority ("PHA") moves to dismiss its former employee Geralyn Hemphill's claims of gender discrimination, retaliation, and hostile work environment. PHA argues that Hemphill failed to exhaust her administrative remedies because those claims were not included among those she raised before the Equal Employment Opportunity Commission ("EEOC").

      Hemphill did assert and the EEOC did consider her gender discrimination claim. However, she did not complain of and the EEOC did not investigate her retaliation and hostile work environment claims. Therefore, we shall dismiss the retaliation and hostile work environment claims and allow the gender discrimination claim to proceed.

### Background

      After having served as an officer in the PHA Police Department ("PHAPD") for eighteen years, Hemphill, a 67-year-old Caucasian female, was terminated in July, 2012. Two days after her termination, she filed a Charge of Discrimination with the

EEOC.[1]  Her charge was dually filed with the Pennsylvania Human Relations Commission ("PHRC").[2]

In her EEOC Charge of Discrimination, Hemphill checked the boxes for race and age discrimination. She did not check the boxes for "sex," "retaliation," or "other." In the "particulars" section, she recited that "I am a White female" and "I am in the age group protected under the Age Discrimination in Employment Act."[3] Hemphill relates that she reported to a meeting and was terminated on July 11, 2012. In response to her inquiring as to the reason for her discharge, she was told she had "done nothing wrong."[4] She explained that she "believe[d] the discharge was because of my age," and she was not given the opportunity to appeal the job action.[5] Hemphill listed four other employees "in the protected age group" who were disciplined, one of whom was allowed to appeal.[6]

The EEOC notified Hemphill on May 16, 2016, that it had determined that "further processing by the agency will unlikely result in a finding in your favor."[7] The EEOC found that her "charge of discrimination on the basis of race-White and sex-female is self-defeating," because she had performance issues unrelated to her allegations of

---

[1] Mot. to Dismiss Ex. 2, EEOC Charge of Discrimination (Doc. No. 4) at ECF 33–34.

[2] Compl. Ex. 2, Information for Complainants & Election Option to Dual File with the PHRC (Doc. No. 1) at ECF 20–21.

[3] Mot. to Dismiss Ex. 2, EEOC Charge of Discrimination (Doc. No. 4) at ECF 33–34.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] Brief in Opp'n to Mot. to Dismiss Ex. A, EEOC Charge Findings Letter, May 16, 2016 (Doc. No. 8) at ECF 12.

discrimination.[8]  The EEOC advised that it was "unable to conclude that the information obtained establishes violations of the statutes."[9]

After the EEOC issued its right-to-sue letter, Hemphill filed this action, claiming gender discrimination, retaliation, and a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. §§ 951 *et seq.*  In her complaint, Hemphill makes a multitude of new allegations.  She contends that days before the meeting at which she was terminated, she had met with her supervisor to complain about "the harassment and disparate treatment she was experiencing in the Department."[10]  She also alleges that PHAPD suffered from a "sexually biased and misogynist culture."[11]  Finally, Hemphill contends that she was passed over for promotions for discriminatory reasons.[12]  None of these allegations were presented to the EEOC.

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  We may consider authentic documents that form the basis of the plaintiffs'

---

[8] *Id.* ("The evidence shows that you were not performing at a satisfactory level at the time of the discipline and discharge by the Respondent [PHA].").

[9] Compl. Ex. 1, EEOC Dismissal and Notice of Rights (Doc. No. 1) at ECF 18–19.

[10] Compl. ¶ 41.

[11] *See, e.g.*, *id.* ¶¶ 15–23.

[12] *See, e.g.*, *id.* ¶ 25.

claims. *See Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). With this standard in mind, we shall accept as true the facts as they appear in Hemphill's complaint and draw all possible inferences from these facts in her favor.

### Analysis

A plaintiff must exhaust all required administrative remedies before filing an action for employment discrimination under Title VII and the PHRA. *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). To exhaust, a plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue notice from the EEOC. *Mandel*, 706 F.3d at 163 (citing *Robinson*, 107 F.3d at 1020–21). In other words, the plaintiff may not pursue claims in the district court which were not included in the charge filed with the EEOC.

What claims have been exhausted is defined by "the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mandel*, 706 F.3d at 163 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir. 1976)). If the plaintiff's EEOC filing did not explicitly state the specific claim, it may still be deemed exhausted if the claim falls within the scope of the charge or the EEOC's investigation. *Mandel*, 706 F.3d at 163 (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)). Stated conversely, if the claim asserted in the complaint was not included in the charge and did not fall within the scope of the EEOC's investigation, it has not been exhausted and cannot be raised for the first time in a subsequent action.

The mere failure to check a box on the EEOC charge form does not necessarily preclude a plaintiff from asserting a claim. *Barzanty v. Verizon Pennsylvania, Inc.*, 361 F. App'x 411, 414 (3d Cir. 2010). If the EEOC investigated the claim or the claim was within the scope of the investigation initiated by the facts alleged in the charge, it is deemed exhausted. *Id.* (quoting *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 967 (3d Cir. 1978)). When she filed her EEOC charge, Hemphill did not check the boxes for sex discrimination, retaliation, or other. This omission alone does not necessarily preclude these claims. If they were within the scope of the EEOC's reasonable investigation, they are exhausted. *See Mandel*, 706 F.3d at 163.

Notwithstanding that Hemphill failed to check the gender discrimination box, she included sufficient facts alerting the EEOC that she was raising a gender discrimination claim. She began her narrative with "I am a White female." Indeed, the EEOC interpreted her charge to include a gender-based claim. It investigated the claim and found it meritless. The EEOC determined that her claim for discrimination "on the basis of . . . sex-female" was "self-defeating." Thus, the gender discrimination claim has been exhausted.

Unlike her gender discrimination claim, her retaliation and hostile work environment claims have not been exhausted. For the first time, Hemphill alleges in her complaint that days before the meeting at which she was terminated, she had met with her supervisor to complain about "the harassment and disparate treatment she was experiencing in the Department."[13]

---

[13] Compl. ¶ 41.

In her charge form, Hemphill made no allegation that she engaged in protected activity prior to her termination. Instead, she stated that she was terminated at a meeting on July 11, 2012. She did not report any conduct or adverse action before the meeting that could have been construed as having instigated her termination. She clearly attributed her firing to PHA's age-based animus, stating she "believe[d] the discharge was because of my age."[14]

Her current disparate treatment claim is for a failure to promote. None of these new charges were explicitly or implicitly raised in her Charge of Discrimination. Nor were they investigated by the EEOC. Like her retaliation charge, Hemphill raises her hostile work environment claim for the first time in this action. She alleges in her complaint that the PHAPD suffered from a "sexually biased and misogynist culture," resulting in sexual harassment creating a hostile work environment. Her Charge of Discrimination makes no mention, directly or inferentially, of a hostile work environment. There are no facts in her charge that could have been construed as raising a hostile work environment claim that the EEOC would have investigated. Hence, she has failed to exhaust administrative remedies regarding the alleged hostile work environment at PHA.

## Conclusion

Hemphill exhausted her administrative remedies as to her claim of gender discrimination. She did not exhaust her current claims for retaliation and hostile work environment. These claims are not included in her EEOC charge and were not within

---

[14] Mot. to Dismiss Ex. 2, EEOC Charge of Discrimination (Doc. No. 4) at ECF 33–34.

6

the EEOC investigation.  Therefore, we shall grant PHA's motion in part and deny it in part, dismissing the retaliation and hostile work environment claims.